**Mark G. McDougal**, OSB #89086
e-mail:   mcdougal@kafourymcdougal.com
**Natalie McDougal**, OSB #04250 (admission pending)
e-mail:   nataliemcdougal@comcast.net
**Gregory Kafoury**, OSB #74166
e-mail:   kafoury@kafourymcdougal.com
Kafoury & McDougal
320 SW Stark Street #202
Portland OR 97204
ph 503-224-2647; fx 503-224-2673

**Jami Pannell**, OSB # 06429 (admission pending)
Animal Law Clinic
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR, 97219
ph 503-468-6848; fx 503-768-6917
e-mail: anmlclin@clark.edu

**Shauna Curphey**, OSB # 06306
NW Constitutional Rights Cntr.
520 SW 6th Ave. #1050
Portland, OR, 97204
ph 503-295-6400, fx 503-295-6415
e-mail: scurphey@nwcrc.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREGG SCHUMACHER and LINDA SCHUMACHER, individually and as husband and wife, and GREGG SCHUMACHER FURS LLC dba SCHUMACHER FURS & OUTERWEAR,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF PORTLAND, a municipal corporation; IN DEFENSE OF ANIMALS, a foreign nonprofit corporation; ANIMAL | CV No. CV-07-601-HU<br><br>MOTION TO STRIKE PORTIONS OF DECLARATIONS<br>(Oral Argument Requested)<br><br>On behalf of defendants In Defense of Animals, Rossell, Durkee, and Mieras |

1- MOTION TO STRIKE PORTIONS OF DECLARATIONS

LIBERATION FRONT, an unincorporated )
association; PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., a )
foreign nonprofit corporation; MATT )
ROSSELL; KEVIN MIERAS aka "Bluejay"; )
CONNIE DURKEE; ALEX LILLI; JOHN )
DOES 1-10; and JANE DOES 1-10 )
)
Defendants. )

## LR. 7.1 CERTIFICATION

The undersigned counsel of record for defendants hereby affirms that the parties made a good faith effort through a telephone conference on May 11, 2007 between the undersigned and counsel for plaintiffs to resolve the disputes raised by this Motion and have been unable to do so.

## MOTION

Defendants In Defense of Animals (IDA), Matt Rossell, Connie Durkee and Kevin Mieras move to strike the declaration of Gregg Schumacher in total on the grounds that it does not purport to be based on personal knowledge, but only recites that Schumacher is "personally familiar with the facts recounted herein." Gregg Schumacher declaration, page 2. Without prejudice, defendants make the following specific objections:

1. "Matt Rossell...Connie Durkee...are...leaders of these people." Schumacher declaration page 2. This is a mere assertion. It cannot be a fact within Schumacher's personal knowledge.

2. "These are a compilation of scenes...which is [sic] driving away our customers, damaging SFO's profitability, and generating fear in...my wife and

2- MOTION TO STRIKE PORTIONS OF DECLARATIONS

our employees." Id, page 2-3. It is not within Schumacher's personal knowledge to say what, if anything, is driving away customers or damaging profitability. Similarly, while he can testify to his personal fear, he cannot testify to the cause of alleged fears that any others may suffer, because this is also not within his personal knowledge.

3. "Exhibits 3-6 are true copies of communications to SFO or about SFO, sent to SFO or obtained by SFO." All the exhibits should be stricken as lacking foundation, since this is no more than an assertion here that they may have been "obtained" by SFO. This is also clearly insufficient to link any of the documents to any of the defendants.

4. "Individual members of the mobs have also entered out store to disrupt our business." Declaration, p. 3. Mobs are not membership organizations. To make such an assertion is beyond Schumacher's personal knowledge. The intent of people who may or may not have entered his store is also not a matter within Schumacher's personal knowledge.

5. "The intimidation and harassment have continued unabated to the present time." Id. Intimidation and harassment do not exist in the air. Only people can be intimidated or harassed, and the declaration does not say who, if anyone, felt they were intimidated or harassed. Further, such a declaration would be beyond Schumacher's personal knowledge.

6. "We...are going out of business, as a result of the protests." Id. Again, this is simply an assertion, it is not a fact capable of being within

3- MOTION TO STRIKE PORTIONS OF DECLARATIONS

Schumacher's personal knowledge.

7. "We are being forced out of our current location and are unable to relocate elsewhere." Id. Same objection.

8. "I have been targeted personally by the extremist organizations for intimidation, harassment, and death threats." Id. Same objection.

9. "Portland Police Officers...have done little or nothing to enable customers to reach the store and provide a safe atmosphere." Id. Again, Schumacher cannot possibly know what the officers have done, he can only testify to what he has observed, and he has not done so here.

10. "For those customers that have made it into the store but who were scared to leave alone...because of the yelling aimed at them inside of the store." Id. Schumacher has not said that there were such customers, nor is he capable of testifying what is inside of their minds, nor has he described any difficulty that any customer had in actually entering the store.

11. "They have made statements such as, 'Our hands are tied.' and 'We can't do anything.'" Id. Schumacher asserts that such statements were made, but does not say that he heard them.

12. "Customers have also been told that they should not come downtown on Saturday to shop at SFO." Id., same objection.

13. "The mobs that gather often commit acts of vandalism." Declaration, p. 4. Conclusory, beyond his personal knowledge.

14. "...Someone smeared feces..." Id. This should be stricken as

4- MOTION TO STRIKE PORTIONS OF DECLARATIONS

irrelevant because it has not be related to any of the defendants. Further, it is clearly beyond Schumacher's personal knowledge.

15. "Our windows are spit on nearly daily." Id. Same objection.

16. "A stencil was glued to the outside of our building." Id. Same objection.

17. "Members of the mob go [sic] demonstrate in various states of nudity. Individuals have also entered the store and put brochures into the pockets of items I am trying to sell." Id. Not linked to any of the defendants in this case, lack of personal knowledge.

18. "Half of the days there is [sic] some sort of graffiti put onto the sidewalk in front of our store, onto the windows, or onto the building. Milkshakes are thrown on our windows." Id. Same objection.

19. "…a man threw red paint on our property." Id. Same objection.

20. "The ropes were tampered with." Declaration, page 5, same objection.

21. "An employee reported to me that a liquid was dumped on the property." Id. Hearsay.

22. "The mobs often block the sidewalk, making it difficult or impossible for customers to enter the store." Id. Beyond his personal knowledge, conclusory, not linked to any defendant.

23. "Customers have told me that they attempted to shop at the store but could not get to the door of the store." Id. Hearsay.

24. "Customers have also told me…in their faces." Id. The entire sentence should be stricken has hearsay.

25. "They play a television loudly in front of the store, aimed at the entrance, of animal screams." Id. Lack of personal knowledge, not linked to any defendant.

26. "When customers make it into the store, the mob outside will pound on the windows and hold up signs over the stores windows." Id. Lack of personal knowledge, not linked to any defendant.

27. The balance of paragraph six on page five refers to "they" and "the mob" and "one of the demonstrators," and none of these references are linked to any of the defendants. Further, the references to videotaping and posting video footage on the internet are not based on personal knowledge.

28. "The Saturday mobs intimidate anyone associated with the store." Id. Not linked to any defendant, not based on personal knowledge, conclusory.

29. ..."they yell profanities and death threats at customers, employees, my wife and me – as well as people patronizing the store." Id. Not linked to any named defendant, conclusory.

30. The balance of paragraph 7 on page 5-6 of the declaration should be stricken to the extent that it repeatedly describes what "they" have allegedly done. Such remarks are beyond Schumacher's personal knowledge, and not linked to any named defendant.

31. "...Animal Liberation Front...commits acts of violence to achieve its goals." Declaration, page 6. This should be stricken as hearsay.

32. "I have read numerous times...a serious domestic terrorism threat." Id. Hearsay.

33. "I received a letter simply signed 'ALF'." Id. There is no foundation linking any such letter to any named defendant.

34. "The mobs also create a public danger." Id. Lack of personal knowledge, not linked to any named defendant.

35. "...They take drivers' attention off the street..." Id. Same objection.

36. "Because they are also blocking sidewalk traffic, pedestrians step into the street with the distracted drivers." Id. Same objection.

37. "...They put up a sign next to the street... * * it has blown into the street." Id. Same objection.

38. "When upright it blocks drivers' necessary view. Some drivers have had to get out of their cars to be able to see around it." Id. Same objections.

39. "My home and family have also been targeted." Id. Lack of personal knowledge, lack of link to any defendant, conclusory.

40. "It sounded to me like...[a] leader...in the demonstration." Id. Conclusory and lack of personal knowledge.

41. "Someone has also tampered with our home security system." Declaration, page 6-7. Lack of personal knowledge, not linked to any named defendant, conclusory.

42. "Police stated it was likely an attempt to determine law enforcement response time." Hearsay.

7- MOTION TO STRIKE PORTIONS OF DECLARATIONS

43. "Animal rights activists have obtained web addresses that closely resemble that of SFO… *** Also…some activists posted on the internet…" Id. Lack of personal knowledge, not linked to named defendants.

44. "The activities of the animal rights extremists have also blocked my efforts to relocate elsewhere." Id. Lack of personal knowledge, conclusory.

45. "Then following threats of similar mayhem being repeated, mall owners changed their minds about entering into a lease agreement with SFO." Id. Conclusory, lack of personal knowledge.

46. "I found a posting on the internet…" Id. Not linked to named defendants, irrelevant. Similarly, the references to the internet in subsequent sentences should be stricken.

47. "This is not in exercise [sic] of free speech rights, it is an attempt to end our ability to make a living." Declaration, page 7-8. Lack of personal knowledge, conclusory.

48. "Security professionals have sometimes indicated they felt threatened to the point that they requested that my employees call the police." Declaration, page 8. Hearsay.

49. "The city responds differently to other acts of vandalism and harassment." Id. Lack of personal knowledge, irrelevant, conclusory.

50. "Another example was publicized recently." Id. This and the two sentences which follow are hearsay.

8- MOTION TO STRIKE PORTIONS OF DECLARATIONS

51. "In response to our repeated requests for assistance to the situation, the City of Portland has only presented untenable solutions." Id. Conclusory.

52. "...After the City communicated with SFO's landlord, the landlord began attempting to evict SFO." Declaration, page 9. Irrelevant.

53. "Matt Rossell wanted me to hang tags on all products...I learned that the information on the tags was inaccurate and misleading." Id. What Mr. Rossell wanted is speculative, and what Mr. Schumacher allegedly learned is hearsay.

54. "...I did not believe that I should have to mediate with a terrorist organization..." Id. Regardless of which organization Schumacher is attempting to describe, this is speculative and conclusory.

55. "...We...cannot sell our merchandise because of the continuing violations." Id. Speculative, lack of personal knowledge.

With regard to the declaration of Linda Schumacher, defendants IDA, Rossell, Durkee, and Mieras move to strike the declaration in total on the grounds it does not even purport to be based upon personal knowledge. Without prejudice, defendants make the following specific objections:

1. "I...have...observed the mobs...and been targeted by the same for harassment and intimidation." Declaration, page 2. Conclusory, not linked to named defendants.

2. "I have watched the mobs harass customers, employees, and others on the street near our store." Id. Same objection.

3. The balance of the first paragraph should be stricken as conclusory and lacking personal knowledge and unrelated to any named defendant. Exhibit 1 to the declaration of Linda Schumacher should be considered only for notice purposes, and not for the truth of any hearsay matters asserted therein.

4. "...Portland Police provide virtually free rein to those gathering outside our store every Saturday to yell, curse, blow horns, bang on our windows, block the entrance to our store and chase customers." Declaration, page 3. Conclusory, not based upon personal knowledge, not related to any named defendants.

5. "I have been personally targeted by the mobs." Id. Same objections.

6. The balance of the forth paragraph beginning with "individuals have shouted" should be stricken. By their own terms, all the references are hearsay. Id.

7. Paragraph 5-8 on page 4-5 of the declaration and the cited exhibit 3-6 should be disregarded as hearsay.

8. "When one of the protestors chalk outside of Nordstrom's, the police came to arrest the person. We have been chalked, with no response from the police. The group Animal Liberation Front writes that they are watching us, and protestors use chalk in the middle of the day; the police do nothing. Alex Lilly dumped paint our entryway on or about January 14, 2006." Declaration, page 5. Lack of personal knowledge.

10- MOTION TO STRIKE PORTIONS OF DECLARATIONS

9. "When anti-war protestors spilled red paint recently, they were immediately arrested by Portland Police. One of our employees got a stalking order against protestor Jonathan Mills after Mills assaulted him." Id. Lack of personal knowledge, hearsay, there is no reference to any named defendant.

10. "Individuals that make up the mob have stated to me that they are aware that the Portland Police will not enforce the law. I have even seen a photograph of a Portland Police officer posing for photos with members of the mobs." Irrelevant, conclusory, best evidence rule.

Defendants In Defense of Animals (IDA), Rossell, Durkee and Mieras move to strike the following declaration of Scott Castleman in total on the grounds that it does not purport to be based on personal knowledge. Without prejudice, defendants make the following specific objections:

1. "One tactic they used to interfere with SFO business is high noise level." Castleman declaration, page 3. Conclusory, lack of personal knowledge.

2. "Neither Officer Lai, nor any other Portland Police Officer provided enforcement on this occasion, nor any other that I am aware of, of noise ordinance being violated." Id. Lack of personal knowledge.

3. "The mob also regularly plays a battery-operated television loudly enough to be heard by customers inside the store." Id. Lack of personal knowledge, irrelevant.

4. "Matt Rossell is one of the leaders of the groups." Id. Lack of personal knowledge, lack of foundation, the statement also lacks a reference point, since

11- MOTION TO STRIKE PORTIONS OF DECLARATIONS

Mr. Castleman is speaking of "mob gatherings" in one breath, and then speaking of "the groups."

5. Paragraph four on page three should be stricken because there is no description of how close Mr. Castleman was to the source of the noise.

6. "Those gathering in front of SFO are intentionally causing fear in an attempt to keep people out of the store. Id. Conclusory, lack of personal knowledge.

7. "Due to the manner in which the mob was acting, the occupant of the car stated, 'I would be scared to go in that store.'" Id. Conclusory, hearsay.

8. "They also repeatedly block windows of the store where SFO maintains displays visible to the general public." Id. Lack of personal knowledge, not linked to any named defendant.

9. "Those creating the disturbance on the sidewalk outside SFO intimidate verbally and in other ways. All gatherings involve yelling at customers that the customers are 'murders' and that the customers are 'fur hags.'" Id. Lack of link to any named defendant, lack of personal knowledge, conclusory.

10. "On October 14, 2006, one member of the mob gathering confirmed that 'fur hag' is a sexually derogatory remark." Id. Not linked to any named defendant, hearsay.

11. "A staple of the Saturday disturbances is harassment of customers after they leave SFO. Masked individuals follow customers, yelling at them as

they walked down the street, sometimes forcing customers to seek refuge in other businesses. They routinely yell things at customers such as 'whore,' 'slut,' and 'you fucking murderer.' This is done in groups, and close to customer's faces. Declaration, page 4-5. Not linked to any named defendant, lack of personal knowledge.

12. "On November 24, 2006, a member of the mob gathering brought a dog which he described as aggressive." Declaration, page 5. Lack of personal knowledge, hearsay.

13. "Then he incited the dog to bark at me and my fellow security officers." Id. Conclusory, not linked to any defendant.

14. "Members of the mob gatherings harassed members of the general public also." Conclusory, lack of personal knowledge, not linked to any named defendant"

15. "They mill about on the sidewalk, blocking the sidewalk for other users and blocking customers from getting to SFO. They leave signs and posters on the sidewalk. This human mass forces people onto the sidewalk to step into the street. This also creates danger for those causing the problem!" Id. Same objections.

16. "They harass people unrelated to the business at SFO by broadcasting the alleged screams of tortured animals loud enough to be heard across the street and by thrusting signs in the faces of passers by." Id. Lack of personal knowledge, not linked to any named defendant, irrelevant.

13- MOTION TO STRIKE PORTIONS OF DECLARATIONS

17. "Individuals in the mob escalate the potential for violence." Id. Conclusory, lack of personal knowledge, not linked to any named defendant.

18. "On November 4, 2006, the cheerleaders used their pompoms to hit passersby." Id. Lacks personal knowledge, not linked to any named defendant.

19. "During the Christmas shopping seasons, children were targeted for both vulgar statements and presentation of videos of animal torture." Id. Lack of personal knowledge, not linked to any named defendant, conclusory.

20. "Another significant danger I have observed is that passing motorists often become more focused on the unruly disturbance on the sidewalk than the street they are driving on." Id. Same objection.

21. Paragraph eleven of page six is entirely hearsay.

22. Paragraph ten ("Threat Assessment") on page 6-7 is devoid of evidence of scientific rigor, is incompetent, conclusory, lacks foundation, is riddled with hearsay, is unrelated to named defendant, and is not based upon personal knowledge.

//
//
//
//
//
//
//
//

14- MOTION TO STRIKE PORTIONS OF DECLARATIONS

//
//
//
//

Regarding the declaration of Herbert G. Grey, defendants IDA, Burkee Rossell, and Mieras move to strike the document and its exhibits in their entirety as hearsay, multiple hearsay, and lack of foundation. Further, the purported analysis of the ALF indicates that "individuals become members of the ALF…by engaging in 'direct action'…" Declaration, page 3. By presenting a definition of membership as one defined solely by conduct, the statement expands the concept of membership beyond any reasonable bounds. It amounts to nothing more than a declaration that there are some people who have done bad things. None of the comments establish any relationship to the people targeted by this injunction.

DATED: _____

By _____
Mark McDougal, OSB # 89086
Natalie McDougal, OSB #04250
Gregory Kafoury, OSB # 74166
Attorneys for defendants IDA,
ROSSELL, and DURKEE

By _____
Jami Pannell, OSB #06429
Shauna Curphey, OSB #06306
Attorney for defendant MIERAS

//
//

Regarding the declaration of Herbert G. Grey, defendants IDA, Burkee Rossell, and Mieras move to strike the document and its exhibits in their entirety as hearsay, multiple hearsay, and lack of foundation. Further, the purported analysis of the ALF indicates that "individuals become members of the ALF…by engaging in 'direct action'…." Declaration, page 3. By presenting a definition of membership as one defined solely by conduct, the statement expands the concept of membership beyond any reasonable bounds. It amounts to nothing more than a declaration that there are some people who have done bad things. None of the comments establish any relationship to the people targeted by this injunction.

DATED: May 11, 2007

By _____
 Mark McDougal, OSB # 89086
 Natalie McDougal, OSB #04250
 Gregory Kafoury, OSB # 74166
 Attorneys for defendants IDA,
 ROSSELL, and DURKEE

By _____
 Jami Pannell, OSB #06429
 Shauna Curphey, OSB #06306
 Attorney for defendant MIERAS

15- MOTION TO STRIKE PORTIONS OF DECLARATIONS

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the foregoing Motion to Strike Portions of Declarations on the following person(s) on the date indicated below, by the following method:

[X] by electronically mailed notice from the court on the date set forth below;

William M. Manlove
Office of the City Attorney
1221 SW Fourth Avenue, Suite 430
Portland, OR 97204
bmanlove@ci.portland.or.us

Eric Wilson
Lane Powell
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
wilsone@lanepowell.com
Attorney for People for the Ethical Treatment of Animals

Herbert Grey
Attorneys at Law
4800 SW Griffith Ave., Ste. 320
Beaverton, OR 97005
hgrey.law1@verizon.net
Attorney for Plaintiffs

Jill Odell
4800 SW Griffith Ave., Ste. 320
10015 SW Terwilliger Blvd.
Beaverton, OR 97005
jillodell@verizon.net
Attorney for Plaintiffs

Jonathan A. Clark
960 Liberty Street SE, Suite 250
Salem, OR 97302
jonathan@jaclawoffice.com
Attorney for Plaintiffs

DATED: May \_\_, 2007

_/s/ Mark McDougal_
Gregory Kafoury, OSB#74166
Mark G. McDougal, OSB #89086
Natalie McDougal, OSB #04250 (admission pending)

1 * CERTIFICATE OF SERVICE