**Mark G. McDougal**, OSB #89086
e-mail: mcdougal@kafourymcdougal.com
**Natalie McDougal**, OSB #04250 (admission pending)
e-mail: nataliemcdougal@comcast.net
**Gregory Kafoury**, OSB #74166
e-mail: kafoury@kafourymcdougal.com
Kafoury & McDougal
320 SW Stark Street #202
Portland OR 97204
ph 503-224-2647; fx 503-224-2673

**Jami Pannell**, OSB # 06429 (admission pending)
Animal Law Clinic
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR, 97219
ph 503-468-6848; fx 503-768-6917
e-mail: anmlclin@clark.edu

**Shauna Curphey**, OSB # 06306
NW Constitutional Rights Cntr.
520 SW 6th Ave. #1050
Portland, OR, 97204
ph 503-295-6400, fx 503-295-6415
e-mail: scurphey@nwcrc.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GREGG SCHUMACHER and LINDA SCHUMACHER, individually and as husband and wife, and GREGG SCHUMACHER FURS LLC dba SCHUMACHER FURS & OUTERWEAR, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CV No. CV-07-601-HU |
| v. | ) ) | |
| CITY OF PORTLAND, a municipal corporation; IN DEFENSE OF ANIMALS, a foreign nonprofit corporation; ANIMAL LIBERATION FRONT, an unincorporated association; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a | ) ) ) ) ) ) ) ) | MEMORANDUM IN SUPPORT OF MOTION TO MAKE MORE DEFINITE AND CERTAIN ON BEHALF OF DEFENDANTS IN DEFENSE OF ANIMALS, MATT ROSSELL, CONNIE DURKEE, and KEVIN MIERAS |

1 - MEMORANDUM IN SUPPORT OF MOTION

foreign nonprofit corporation; MATT
ROSSELL; KEVIN MIERAS aka "Bluejay";
CONNIE DURKEE; ALEX LILLI; JOHN
DOES 1-10; and JANE DOES 1-10

                    Defendants.

      Plaintiffs' Complaint contains state law claims against three organizations, four individuals, and 20 Does. Plaintiffs' Complaint does not specify the particular conduct that In Defense of Animals, Connie Durkee or Matt Rossell engaged in that gives rise to plaintiffs' claims. Plaintiffs have no concept of, for example, the "extreme outrageous conduct" that they have supposedly engaged in with respect to the plaintiffs' claims for intentional infliction of emotional distress. Similarly, plaintiffs do not know what specific conduct gives rise to plaintiffs' claims for interference with perspective economic advantage, trespass or public nuisance. In their filings with the Court, plaintiffs acknowledge and recognize that protesters have a right under the Constitution to engage in lawful protest activities. Absolutely nothing in the Complaint puts these defendants on notice of the particular conduct which plaintiffs are claiming is outside of protected free speech activity and which gives rise to the five state law claims against defendants. Where it is possible that plaintiffs' claims may chill the exercise of free expression, the Court should require plaintiffs to specify the nature of the conduct which they allege to be actionable.

      Furthermore, under Oregon's anti-SLAPP statute, the State of Oregon has sought to allow defendants an opportunity to avoid the expense and costs of litigation by putting plaintiffs' pleadings through scrutiny within 60 days of the service of the pleadings. Defendants incorporate by reference their briefing on the application of Oregon's anti-SLAPP statute contained within the moving defendants' memorandum in support of special motion to strike.

2 - MEMORANDUM IN SUPPORT OF MOTION

Even absent the free speech concerns, defendants' Motion should be granted under F.R.C.P. § 12(e). See McHenry v. Renne, 84 F.3d 1172 at 1175 (9th Cir. 1996):

    Plaintiffs' Complaint does provide specific allegations of fact to support the claim that defendants have intentionally deprived plaintiffs of their Constitutional rights. Nevertheless, as the Complaint stands now, it does not properly notify individual defendants of the allegations with which they are charged. Given the number and diversity of named defendants and the breadth of the allegations, claims which vaguely refer to defendants or other responsible authorities will not suffice.

DATED: May 11, 2007

By _____
Mark McDougal, OSB # 89086
Natalie McDougal, OSB #04250
Gregory Kafoury, OSB # 74166
Attorneys for defendants IDA,
ROSSELL, and DURKEE

By _____
Lori Pannell, OSB #06429
Shauna Curphey, OSB #06306
Attorney for defendant MIERAS

3 - MEMORANDUM IN SUPPORT OF MOTION

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the foregoing Memorandum in Support of Motion to Make More Definite and Certain on the following person(s) on the date indicated below, by the following method:

[X]   by electronically mailed notice from the court on the date set forth below;

William M. Manlove
Office of the City Attorney
1221 SW Fourth Avenue, Suite 430
Portland, OR 97204
bmanlove@ci.portland.or.us

Eric Wilson
Lane Powell
601 SW 2nd Ave., Suite 2100
Portland, OR 97204
wilsone@lanepowell.com
Attorney for People for the Ethical Treatment of Animals

Herbert Grey
Attorneys at Law
4800 SW Griffith Ave., Ste. 320
Beaverton, OR 97005
hgrey.law1@verizon.net
Attorney for Plaintiffs

Jill Odell
4800 SW Griffith Ave., Ste. 320
10015 SW Terwilliger Blvd.
Beaverton, OR 97005
jillodell@verizon.net
Attorney for Plaintiffs

Jonathan A. Clark
960 Liberty Street SE, Suite 250
Salem, OR 97302
jonathan@jaclawoffice.com
Attorney for Plaintiffs

DATED: May 11, 2007

_/s/ Mark McDougal_
Gregory Kafoury, OSB #74166
Mark G. McDougal, OSB #89086
Natalie McDougal, OSB #04250 (admission pending)

1 ∗ CERTIFICATE OF SERVICE