IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCHUMACHER, et al,  CV 07-601-HU

        Plaintiffs,  ORDER/ PRELIMINARY INJUNCTION

    v.

CITY OF PORTLAND et al,

        Defendants.

MOSMAN, Judge:

    The matter before the court is plaintiffs' Motion for Preliminary Injunction (#3). Plaintiffs seek time, place and manner restrictions on alleged animal-rights protestors In Defense of Animals (IDA), Animal Liberation Front (ALF), People for the Ethical Treatment of Animals (PETA), Kevin Mieras (Mieras), Matt Rossell, Connie Durkee, and Alex Lilli.

    Following oral argument, May 17, 2007, at which all parities except ALF and Alex Lilli were represented, I preliminarily granted, in part, this motion as to defendant Mieras, denied the motion as to all other named defendants, and took under advisement the motion as to John and Jane Does. I credited plaintiffs' claims and evidence that Mieras followed plaintiffs to their residence, attempted to intimidate them through verbal and written communication, and trespassed upon Schumacher Furs store. On the basis of this evidence, I found plaintiffs satisfied the showing, under <u>Clear Channel Outdoor Inc., a Delaware Corp. v. City of Los Angeles</u>, 340 F. 3d 810, 813 (9th Cir. 2003), of likelihood of success on the merits of one or more of their common law claims against Mieras, such as intentional infliction of emotional distress, along

1- ORDER/ PRELIMINARY INJUNCTION

with showing the possibility of irreparable injury.

After considering, further, the parties' positions on the issuance of "John Doe" injunctions, I decline to grant plaintiffs' motion to issue an injunction against unnamed defendants. Concerns of jurisdiction, justiciability and enforcement lead me to reject plaintiffs' request that this court impose limits on the freedom of expression of unnamed defendants in order to prevent some from exceeding the bounds of protected activity.

Accordingly, Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that Kevin Mieras, and persons in active concert or participation with him who receive actual notice of the order by personal service or otherwise, are temporarily enjoined and restrained in any manner and by any means from:

> Approaching closer than 15 feet from any entrance to Schumacher Furs store;
>
> Entering Schumacher Furs store;
>
> Placing any signs on Schumacher Furs store, or within 15 feet of any entrance to Schumacher Furs store;
>
> Placing any solid or liquid substances on or around Schumacher Furs store;
>
> Directing any form of communication, orally or in writing, to Gregg or Linda Schumacher, their family members, or employees of Schumacher Furs;
>
> Physically touching Gregg or Linda Schumacher, their family members, or employees of Schumacher Furs;
>
> Entering on the residential property of Gregg or Linda Schumacher, their family members, or employees of Schumacher Furs.

Dated this  22nd  day of May, 2007.

/s/ Michael W. Mosman
Michael Mosman
United States District Judge

2- ORDER/ PRELIMINARY INJUNCTION