**Jami L. Pannell, OSB #06429**
Animal Law Clinic, Lewis & Clark Law School
10015 SW Terwilliger Boulevard
Portland, OR 97219-7799
Telephone:  503.768.6848
Facsimile:  503.768.6917
Email:         anmlclin@lclark.edu

**Shauna Curphey, OSB #06306**
Northwest Constitutional Rights Center
520 SW Sixth Avenue, Suite 1050
Portland, OR 97204
Telephone:  503.295.6400
Facsimile:  503.295.6415
Email:         scurphey@nwcrc.org

Attorneys for Defendant Kevin Mieras

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREGG SCHUMACHER and LINDA SCHUMACHER, individually and as husband and wife, and GREGG SCHUMACHER FURS LLC dba SCHUMACHER FURS & OUTERWEAR,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY OF PORTLAND, a municipal corporation; IN DEFENSE OF ANIMALS, a foreign nonprofit corporation; ANIMAL LIBERATION FRONT, an unincorporated association; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a foreign nonprofit corporation; MATT ROSSELL; KEVIN MIERAS aka "Bluejay"; CONNIE DURKEE; ALEX LILLI; JOHN DOES 1-10; and JANE DOES 1-10,<br><br>                    Defendants. | CV 07-00601-MO<br><br><br><br>DEFENDANT  MIERAS' SUPPLEMENTAL BRIEF ON SPECIAL MOTION TO STRIKE |

PAGE 1 – DEFENDANT MIERAS' SUPPLEMENTAL BRIEF ON SPECIAL MOTION TO STRIKE

## I.    ISSUES PRESENTED

The Court requested supplemental briefing on two issues arising out of Defendant Kevin Mieras' anti-SLAPP Special Motion to Strike under ORS 31.150:

1. Whether plaintiffs presented substantial evidence to support their intentional interference with business relations and intentional interference with contract claims.

2. Assuming plaintiffs presented substantial evidence to support a prima facie case, how should the Court treat Mr. Mieras' First Amendment defense to those claims?

## II.    ARGUMENT

**A.    Plaintiffs failed to present substantial evidence to support a prima facie case for intentional interference with contract or intentional interference with business relations.**

To prevail on their claims of intentional interference with contract or business relations, plaintiffs must establish 1) the existence of a valid prospective or existing contract or business relationship; 2) intentional interference with that relationship; 3) by a third party; 4) accomplished through improper means or for an improper purpose; 5) a causal effect between the interference and the harm to the relationship or contract; and 6) damages. *McGanty v. Staudenraus,* 321 Or. 532, 535 (1995). Plaintiffs have failed to present substantial evidence for these claims.

**1.    Plaintiffs have not presented substantial evidence of intentional interference with a valid prospective or existing business relationship or contract.**

A plaintiff seeking to establish tortious interference with a business relationship or contract must show a specific relationship "that would have *very likely* resulted in a pecuniary benefit to the plaintiff but for the defendant's interference.*" Fox v. Country Mutual Insurance Co.*, 169 Ore. App. 54, 75 (2000)(emphasis added). In addition, a plaintiff must show the defendant desired to interfere with a business relationship or contract or knew the interference was certain or substantially certain to occur. *Top Service Body Shop, Inc. v. Allstate Insurance Co.*, 283 Or. 201, 207 & n.8 (1978).

Here, plaintiffs offered no evidence of an existing relationship or contract other than the

lease for their downtown Portland store. Plaintiffs have no evidence that Mr. Mieras intended to interfere with that lease, or any other existing or prospective business relationship. Moreover, while plaintiffs claim that Mr. Mieras interfered with their relationships with prospective customers and landlords, they have failed to produce any evidence that those relationships were likely to result in pecuniary benefit and were not mere wishful thinking.

**2.  Plaintiffs have not presented substantial evidence of improper means or purpose.**

Plaintiffs must prove the interference resulting in injury "is wrongful by some measure beyond the fact of the interference itself." *Top Service Body Shop*, 283 Or. at 209. Improper means can include "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Id.* at n.11. Statements protected by the First Amendment cannot furnish the basis for an "improper means" allegation. *Gardner v. Martino*, No. CV-05-769-HU, 2005 U.S. Dist. LEXIS 38970, at *35 (D. Or. 2005). Moreover, to establish improper purpose, a plaintiff must prove the defendant acted with the "sole design of injuring the plaintiff." *Top Service Body Shop,* 283 Or. at 210; *Uptown Heights Associates v. Seafirst Corp.*, 320 Or. 638, 652 (1995) (plaintiffs' claim that defendant had bad intent failed to establish improper purpose because defendant legitimately invoked a contractual remedy).

Plaintiffs have failed to present any evidence that Mr. Mieras employed improper means. Plaintiffs presented no evidence that Mr. Mieras engaged in tortious conduct either outside plaintiffs' store[1] or on Mr. Mieras' website. Though plaintiffs attempt to make much of the fact that the domain name www.shumacherfurs.com points to Mr. Mieras' website, they failed to demonstrate that the domain name is unlawful.[2]

---

[1] Plaintiffs allege that Mr. Mieras employed improper means or acted with an improper purpose by threatening plaintiffs, their customers and employees, by engaging in vandalism and public nudity, by blocking the sidewalk and interfering with traffic, by trespassing in their store and by communicating with prospective landlords. Complaint ¶¶ 36, 41. The Court already found that plaintiffs lack evidence to support these claims against Mr. Mieras.

[2] Plaintiffs have not alleged that the domain name interfered with business relationships or contracts. Complaint ¶¶ 36, 41. The allegations in the complaint must "give the defendant fair notice of what the plaintiff's claim is and the

PAGE 3 – DEFENDANT MIERAS' SUPPLEMENTAL BRIEF ON SPECIAL MOTION TO STRIKE

Even if the Court assumes that Schumacher Furs is a trademark, the use of a trademark in the domain name for a noncommercial website criticizing the mark holder does not constitute actionable trademark infringement, nor does it violate the Anti-Cybersquatting Consumer Protection Act absent a showing of a bad faith intent to profit from the use of the trademark. *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 679-81 (9th Cir. 2005). Mr. Mieras offered oral testimony at the June 18, 2007 hearing that his website contains general information about the fur industry, that the site does not sell anything nor does it link to commercial sites, and that he created the website to educate the public about the fur industry. Moreover, even if plaintiffs convince the Court the domain name constituted improper means, their interference claims fail for lack of evidence that Mr. Mieras intended to interfere with a prospective or existing business relationship or that the website actually caused any harm. *Taylor Building Corp. of America v. Benfield*, No. 1:04cv510, 2007 U.S. Dist. LEXIS 43667 at *23-27 (S.D. Ohio 2007).

Plaintiffs have similarly failed to present any evidence that Mr. Mieras acted with an improper purpose. On the contrary, Mr. Mieras engaged in anti-fur demonstrations because of his belief that "the use of fur for fashion is immoral and unnecessary." Affidavit of Kevin Mieras at ¶ 3. Thus, since Mr. Mieras acted pursuant to his legitimate First Amendment interest in expressing his views on the fur industry, his conduct is not actionable interference. *Gardner*, 2005 U.S. Dist. LEXIS 38970, at *35; *Top Service Body Shop,* 283 Or. at 210; *Uptown Heights*, 320 Or. at 652.

### 3.  Plaintiffs have not presented substantial evidence of causation.

Plaintiffs have also failed to produce any evidence that would show a causal connection between *any* act by Mr. Mieras and a subsequent harm to a business relationship or contract. In fact, plaintiffs suggest that a communication from the City of Portland encouraged their landlord to evict them from their downtown Portland location. Declaration of Gregg Schumacher at ¶ 13.

---

grounds upon which it rests*." Pickern v. Pier 1 Imports*, *Inc.,* 457 F.3d 963, 968 (9th Cir. 2006) (upholding district court decision not to consider new allegations raised by the plaintiff for the first time in her opposition to summary judgment.)

PAGE 4 – DEFENDANT MIERAS' SUPPLEMENTAL BRIEF ON SPECIAL MOTION TO STRIKE

Similarly, plaintiffs claim that the unlawful acts of unknown individuals scared away customers and prospective landlords. Declaration of Gregg Schumacher at ¶¶ 6, 10. Plaintiffs' only evidence with respect to Mr. Mieras concerns his lawful anti-fur activities outside the Schumacher Furs store and on his website. Plaintiffs have no evidence to show that any action by Mr. Mieras caused any specific harm to their existing or prospective business relationships or contracts.

### B. Plaintiffs bear the burden of proof to demonstrate that Mr. Mieras' actions were not protected First Amendment activity.

Once a defendant shows that he or she is entitled to the protection of the anti-SLAPP statute, it becomes the plaintiff's burden to establish that the defendant's acts are *not* protected by the First Amendment. *Lieberman v. KCOP Television, Inc.*, 110 Cal. App. 4th 156, 165 (2003). Thus, while a defendant who asserts an affirmative defense in an anti-SLAPP motion to strike bears the burden of proof on the defense, that situation does not apply here. *See Premier Medical Management Systems, Inc. v. California Insurance Guarantee Ass'n*, 136 Cal. App. 4th 464, 477 (2006). Rather, here plaintiffs must prove Mr. Mieras' acts were not protected by the First Amendment because plaintiffs must demonstrate that Mr. Mieras acted with improper intent, motive or purpose as a necessary element of their intentional interference with business relations or contract claims. *Top Service Body Shop*, 283 Or. at 209. Plaintiffs failed to meet this burden.

### III. CONCLUSION

Based on the foregoing, Mr. Mieras respectfully requests that the Court grant his Special Motion to Strike in its entirety and award Mr. Mieras his reasonable costs and attorney fees incurred herein.

DATED: June 28, 2007

_____
Shauna Curphey, OSB #06306
Telephone: 503.295.6400

Jami L. Pannell, OSB #06429
Telephone: 503.768.6848
Attorneys for Defendant Kevin Mieras

PAGE 5 – DEFENDANT MIERAS' SUPPLEMENTAL BRIEF ON SPECIAL MOTION TO STRIKE