**David G. Hosenpud**, OSB No. 83241
hosenpudd@lanepowell.com
**Eric D. Wilson**, OSB No. 04455
wilsone@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendant PETA, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GREGG SCHUMACHER** and **LINDA SCHUMACHER,** individually and as husband and wife, and **GREGG SCHUMACHER FURS LLC, dba SCHUMACHER FURS & OUTERWEAR,**<br><br>                                    Plaintiffs,<br><br>        v.<br><br>**CITY OF PORTLAND,** a municipal corporation; **IN DEFENSE OF ANIMALS,** a foreign nonprofit corporation; **ANIMAL LIBERATION FRONT,** an unincorporated association; **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,** a foreign nonprofit corporation; **MATT ROSSELL; KEVIN MEIRAS, aka "Bluejay"; CONNIE DURKEE; ALEX LILLI; JOHN DOES 1-10;** and **JANE DOES 1-10,**<br><br>                                    Defendants. | CV No. 07-CV-00601-MO<br><br>Defendant People for the Ethical Treatment of Animals, Inc.'s ("PETA")<br>**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

## I.  INTRODUCTION

On June 19, 2007, this Court issued an order granting defendant People for the Ethical

Treatment of Animals Inc.'s ("PETA"), Special Motion to Strike pursuant to ORS 31.150.  The

PAGE 1 -   DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
                    ATTORNEY FEES

Court then entered a Rule 54(b) judgment dismissing PETA from this action on July 9, 2007. PETA has "prevailed on a special motion to strike" under ORS 31.150, and is now entitled to an award of its reasonable attorney fees and costs under ORS 30.152(3).   The fee award is mandatory, not discretionary.   The only issue before this Court is whether the $39,116 in fees and costs incurred by PETA defending itself in this action are reasonable.   The issue is governed by state law; specifically, ORS 20.075, which lists 16 potentially relevant factors.

## II.  ARGUMENT

### A.    Oregon Law Mandates an Award of Attorney Fees and Costs to a Party That Prevails on a Special Motion to Strike Brought Under ORS 31.150.

Under ORS 31.152(3), "A defendant who prevails on a special motion to strike under ORS 31.150 shall be awarded reasonable attorney fees and costs."  PETA prevailed on its special motion to strike, filed pursuant to ORS 30.150.  Thus, under ORS 31.152(3), PETA is entitled to an award of "reasonable attorney fees and costs" associated with its defense in this matter.

As of August 10, 2007, PETA has incurred $39,116 in attorney fees and costs in defending itself in this action.  The fees and costs were reasonably incurred, and PETA seeks to recover them in full.  PETA's requested award consists of the following.  For Lane Powell:

| Timekeeper | Hours | Rate[1] | Total |
|---|---|---|---|
| David Hosenpud | 21.3 | $355.50 | $7,572 |
| Eric Wilson | 119.3 | $229.50 | $27,379 |
| | | Total ➔ | $34,951 |

For Hirschkop & Associates:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Phil Hirschkop | 11.9 | $350.00 | $4,165 |

---

[1] As discussed below, Lane Powell's hourly rates were reduced in this matter on the basis of a special agreement with PETA, which is a non-profit organization.

PAGE 2 -   DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

**B.    PETA's Requested Attorney Fees and Costs Are Reasonable.**

Because PETA prevailed on a Special Motion to Strike under ORS 31.150, the reasonableness of its requested fees and costs must be determined under state law.  *See Card v. Pipes,* 03-CV-6327, 2004 WL 1403007, *1 (D. Or. 2004) (so holding); *Gardner v. Martino*, 05-CV-769, Findings and Recommendations, June 15, 2006 (same);[2] *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) (affirming a fee award as reasonable under state law).

Under Oregon law, the reasonableness of a fee petition is determined through analysis of the factors listed in subsection (1) and (2) of ORS 20.075.  *See* ORS 20.075(2); *Elston v. Toma,* 2005 WL 696900, at *1-*2 (D. Or. 2005); *Gardner v. Martino*, 05-CV-769, Findings and Recommendations, p. 3.  "A court is under no obligation, however, to make findings about irrelevant or immaterial factual matters or legal criteria."  *Elston,* 2005 WL 696900, at *2.

**1.    PETA's requested fees and costs are reasonable under ORS 20.075(1).**  The ORS 20.075(1) factors are:  (a) the conduct of the parties in the occurrences that gave rise to the litigation; (b) the objective reasonableness of the claims and defenses asserted by the parties; (c) the extent to which an award of attorney fees would deter others from asserting good faith claims in similar cases; (d) the extent to which an award of attorney fees would deter others from asserting meritless claims; (e) the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings; (f) the objective reasonableness of the parties and the diligence of the parties in pursuing settlement; (g) the amount of any prevailing party fee; and (h) other factors the court may consider appropriate.

As explained below, each factor strongly supports the reasonableness of PETA's request.

**a.    The "objective reasonableness of the claims and defenses asserted by the parties," favors granting PETA's fee petition in its entirety.**  Plaintiffs filed a motion for

---

[2] A copy of the Findings and Recommendations in *Gardner* is attached to the Declaration of Eric D. Wilson in Support of PETA's Motion for Attorney Fees as **Exhibit 2**.  The Findings and Recommendations were adopted in full by Order dated September 21, 2006.

PAGE 3 -    DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
            ATTORNEY FEES

preliminary injunction and complaint alleging five common law tort claims against PETA. Plaintiffs' claims were predicated on their allegations that PETA organized, promoted, and participated in illegal protest activities outside Schumacher Furs, interfered with the Schumacher's domain name, contacted plaintiffs' prospective landlords, and engaged in unlawful conduct at the Schumacher's private residence.  (Complaint, ¶¶ 16, 17, 36, 41, 47.)

At no point during this litigation did plaintiffs submit any evidence linking PETA to any of these allegations.  PETA, in turn, submitted evidence demonstrating that the allegations against it were verifiably false and that, at most, PETA *may* have provided constitutionally protected advocacy materials to unknown and unaffiliated protestors who then used the materials during protest activities outside Schumacher Furs.  (*See* Declaration of Matt Rice in Opposition of Plaintiffs' Motion for Preliminary Injunction, Declaration of Megan Hartman in Support of PETA's Special Motion to Strike; Supplemental Declaration of Matt Rice.)  The record thus demonstrates that PETA was not involved in any of the conduct that gave rise to this lawsuit. For that reason, this Court should find that neither Plaintiffs' Motion for Preliminary Injunction or tort claims were objectively reasonable as to PETA, and should award PETA the full amount of costs and fees incurred in its defense in this matter.

**b.     The "extent to which an award of fees would deter others from asserting good faith claims," and the "extent to which an award of fees would deter others from asserting meritless claims," favor granting PETA's petition.**  Awarding PETA the full amount of costs and fees incurred defending itself in this action would deter similar meritless claims, but would not chill good faith claims against those who engage in tortious conduct.

If plaintiffs had evidence that PETA engaged in the tortious conduct they alleged, PETA could not have been dismissed from this case under ORS 30.150, and would not now be entitled to its fees under ORS 30.152(3).  However, plaintiffs were never able to adduce such evidence in this case because PETA was not involved in the conduct that formed the basis of their claims. Thus, granting PETA the full amount of its costs and fees would not deter good faith claims from

PAGE 4 -   DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEY FEES

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

going forward.  At most, it would only deter plaintiffs from filing multi-million dollar federal lawsuits against organizations engaged in constitutionally protected activities without having at least *some* evidence the organization engaged in tortious conduct.  Such a result is entirely consistent with the purpose of anti-SLAPP statutes,[3] and the Oregon Legislature's determination that a party prevailing on a special motion to strike is entitled to an award of its costs and fees.

        c.      **"The objective reasonableness of the parties * * * during the litigation" and "in pursuing settlement," favors granting PETA's fee petition in its entirety.** On May 3, 2007, counsel for PETA informed plaintiffs' counsel that PETA was not involved in the conduct alleged in the complaint, and requested that plaintiffs dismiss PETA from their motion for preliminary injunction.  Plaintiffs declined, noting that PETA literature had been seen at or near Schumacher Furs.  (Wilson Decl., ¶ 3.)  PETA then informed plaintiffs in writing that neither PETA nor anyone associated with PETA was involved in the conduct described in the complaint.  The letter stated that PETA's "act of providing anti-fur leaflets and fliers to individuals who write to PETA and request such materials is not tortious conduct.  In fact, it is constitutionally protected free speech."  The letter stated that PETA would "take all necessary steps to recover the full costs and attorney fees associated with its defense of this case" if plaintiffs did not dismiss PETA from this lawsuit by May 14, 2007.  (Wilson Decl., ¶ 4 & Ex. 1.)

        Plaintiffs declined to dismiss PETA.  PETA then reiterated that it would seek to recover the full amount of its costs and fees through an anti-SLAPP motion to strike.  (Wilson Decl., ¶ 5.)  On May 17, 2007, this Court heard argument on, and summarily denied, Plaintiffs' Motion for Preliminary Injunction against PETA.  Counsel for PETA then informed plaintiffs' counsel that PETA would not seek any costs or fees in this matter if plaintiffs agreed to dismiss PETA

---

[3] *See Lafayette Morehouse, Inc. v. Chronicle Pub. Co.*, 44 Cal. Rptr. 2d 46, 48, 37 Cal. App. 4th 885 (Cal. App. 1995) ("Anti-SLAPP statutes provide a procedural remedy to expose and dismiss at an early stage * * * non-meritorious actions which chill * * * the valid exercise of the constitutional rights of freedom of speech.").

PAGE 5 -   DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
               ATTORNEY FEES

before PETA began work on its anti-SLAPP reply memorandum.  Plaintiffs never responded to this request, and instead filed their response the following week.  (Wilson Decl., ¶¶ 6-7.)

Plaintiffs' response did not contain *any* additional evidence linking PETA to the allegations in their complaint.  Instead, plaintiffs relied on a legal argument.  They argued their complaint fell outside the scope of the anti-SLAPP statute because their claims were directed only at PETA's illegal conduct, not its protected activities.  Plaintiffs did not cite a *single* case in their brief or at oral argument that supported their position.  (Wilson Decl., ¶ 8.)

After this Court granted PETA's motion to strike, PETA informed plaintiffs it would not file a Rule 54(d) petition for costs and fees—and would thus not seek to recover the costs and fees associated with such a petition—if plaintiffs agreed to pay the full amount of PETA's costs and fees incurred through June 22, 2007.  Plaintiffs declined this offer.  (Wilson Decl., ¶ 9.)

Plaintiffs were presented with an opportunity to withdraw their motion for preliminary injunction and put on notice that PETA would seek to recover its costs and fees in this matter, but they did not dismiss PETA.  After this Court denied their motion, PETA again afforded plaintiffs an opportunity to dismiss their claims without incurring any costs or fees, but they again declined to do so.  Plaintiffs instead opposed PETA's anti-SLAPP motion without any additional evidence, and based upon an unsupported legal argument.  Plaintiffs' actions in this litigation, and in pursing settlement, were not "objectively reasonable" and this Court should grant PETA the full amount of costs and fees incurred in its defense.

        **d.     "Other" relevant factors favor granting PETA's fee petition in its entirety.**  ORS 20.075(1)(h) permits consideration of "such other factors as the court may consider appropriate under the circumstances of the case" in determining the reasonableness of a requested award.  Here, the other relevant factor is this:  PETA is a non-profit, charitable entity supported almost entirely by individual donations.  (Wilson Decl., ¶ 3.)  *Cf. Gardner,* 05-CV-769*,* Findings and Recommendations, p. 8 (reducing the $149,517 award sought by defendants

PAGE 6 -  DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

after prevailing on their special motions to strike, in part because defendants (Clear Channel, Inc. and Westwood One, Inc.) were "two of the largest media companies in the country.").

    2.    **PETA's requested fees and costs are reasonable under ORS 20.075(2).**
ORS 20.075(2) is also used to determine the reasonableness of a fee petition under Oregon law. The ORS 20.075(2) factors are:  (a) the time and labor required in the proceeding, and the novelty and difficulty of the questions involved, (b) whether acceptance of the matter precluded the attorney from taking other cases; (c) the fee customarily charged in the locality for similar services; (d) the amount in controversy and results obtained; (e) time limitations imposed by the client or circumstances of the case; (f) the nature and length of the attorney's professional relationship with the client; (g) the experience, reputation, and ability of the attorney performing the services; and (h) whether the fee is fixed or contingent.  Here, factors (a), (c)-(e), and (g)-(f) favor granting PETA's petition in full, while factor (f) is neutral.

        a.    **The time and labor involved, novelty and difficulty of the issues, and the skill necessary favors granting PETA's fee petition in full.**  Three attorneys spent a total of 152.5 hours defending PETA in this action.  (Hosenpud Decl., ¶¶ 3-4.)  Exhibit 1 to the Declaration of David Hosenpud includes a spreadsheet accounting for each tenth of an hour billed by Lane Powell; Exhibit 1 to the Declaration of Phil Hirschkop includes the same for Hirschkop & Associates.  The entries reflect that Lane Powell and Hirschkop & Associates billed 19.7 hours on evaluation and case management, 34.0 hours responding to plaintiffs' preliminary injunction, 51.6 hours on the motion to strike and supporting materials, 19.8 hours preparing for and attending two hearings, and 18.9 hours on PETA's fee petition and supporting materials.

    The hours billed to this case were reasonable given the complexity of the legal issues. PETA spent considerable time briefing the following issues, and was the only party to do so:  (1) whether advocacy organizations may be enjoined based on allegations of "mob" conduct; (2) the protections afforded to the distribution of advocacy literature; (3) the public interests implicated by plaintiffs' proposed injunction; (4) the legislative history of Oregon's anti-SLAPP statute; (5)

PAGE 7 -    DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
            ATTORNEY FEES

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

the elements of plaintiffs' tort claims; (6) the standard by which individual protestor activity may be imputed to advocacy organizations, and (7) who bears the burden of proof when a party opposing an anti-SLAPP motion claims the conduct at issue is outside the anti-SLAPP statute.

       **b.**    **"The likelihood that accepting the particular employment would preclude the attorney from taking other cases," is neutral.**  This element is neutral because counsel were not precluded from taking other work as a result of representing PETA.

       **c.**    **"The fees customarily charged in the locality for similar legal services," favors granting PETA's fee petition in its entirety.**  In *Elston v. Toma,* 2005 WL 696900, at *2, this court stated that "[T]o determine the reasonable hourly rate, this court uses the most recent Oregon State Bar Economic Survey as its initial benchmark, taking into consideration any adjustment for inflation between the date the economic survey was published and the dates the legal services were performed."[4] The most recent Oregon State Bar Economic Survey was published in 2002.  According to the survey, the average hourly rate for business and corporate litigation attorneys practicing in Portland in 2002 was $222 an hour; attorneys in the 25th percentile billed at $185 an hour, attorneys in the 75th percentile billed at $265 an hour, and attorneys in the 95th percentile billed at $333 an hour.  (Hosenpud Decl. ¶ 8 & Ex. 2.)

Adjusting the figures from the 2002 survey for inflation at 3% per year through 2007 produces the following figures:  the inflation adjusted 25th percentile rate is $214 an hour, the inflation adjusted average is $259 an hour; the inflation adjusted 75th percentile rate is $308 an hour, and the inflation adjusted 95th percentile rate is $385 an hour.  (Hosenpud Decl. ¶ 9.)

The $355.50 hourly rate billed by David Hosenpud and the $350 hourly rate billed by Phil Hirschkop fall between the inflation adjusted 75th and 95th percentile rate for business and corporate litigation attorneys.  The $229.50 hourly rate billed by Eric Wilson in this matter falls

---

[4] *See also Bell v. Clackamas County*, 34 F.3d 858, 869 (9th Cir. 2003) (holding it was "an abuse of discretion * * * to apply market rates in effect more than two years before the work was performed.").

PAGE 8 -   DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

between the inflation adjusted 25th and 50th percentiles rates.  (Hosenpud Decl. ¶ 10.)  The average hourly rate for all legal services rendered in this matter was $256.  (Hosenpud Decl., ¶ 11.)  This is *below* the $259 inflation adjusted average rate for business and corporate litigation attorneys practicing in Portland.  For that reason, this Court should find that the requested hourly rates of the attorneys who performed work on behalf of PETA in this matter are reasonable.

This Court should also find the requested hourly rates to be reasonable based on supporting declarations submitted by members of the relevant legal community.  Hosenpud's requested hourly rate of $355.50 is supported by the *Declaration of Jeffrey Batchelor*.  Batchelor is a partner in the Portland firm of Markowitz, Herbold, Glade & Mehlhaf, PC, and has practiced law in Oregon for 35 years.  Batchelor testifies that Hosenpud's requested hourly rate is consistent with the rates charged by Portland attorneys with commiserate reputation, skill and experience.  Hirschkop's requested hourly rate of $350 is supported by the *Declaration of Bernard Dimuro*.  Dimuro is a former president of the Virginia State Bar, and testifies that Mr. Hirschkop's rate of $350 an hour is consistent with the rates charged by attorneys in the Washington, D.C., area with similar reputation, skill, and experience.  Wilson's requested rate of $229.50 an hour is supported by the *Declaration of Kristin Bremer,* who testifies that the rate is consistent with that charged by Portland attorneys with similar reputation, skill, and experience.

        **d.**    **"The amount in controversy and results achieved," favors granting PETA's petition in its entirety.**  Plaintiffs' prayer against PETA in this matter was for just over $7,000,000.  (Complaint, ¶¶ 30-48.)  The repercussions of an adverse ruling of this size against a non-profit such as PETA could have been devastating.  Through the efforts of counsel, PETA achieved a complete victory in this matter after incurring $39,116 in costs and fees.

        **e.**    **The time limitations imposed by the circumstances of the case favors granting the petition.**  Responding to plaintiffs' preliminary injunction and raising defenses under Oregon's anti-SLAPP statute resulted in counsel drafting three briefs and arguing two motions in a five-week period.  This factor favors granting PETA's fee petition in full.

PAGE 9 -    DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR
                ATTORNEY FEES

f.    **"The nature and length of the attorney's professional relationship with the client," favors granting the petition.**  This factor favors granting the petition in full because of Hirschkop & Associates long-standing prior relationship with PETA.

g.    **"The experience, reputation and ability of the attorney performing the services," favors granting PETA's petition in its entirety.**  As the accompanying declarations of David Hosenpud, Eric Wilson, Phil Hirschkop, Kristin Bremer, Jeffrey Batchelor, and Bernard Dimuro demonstrate, the attorneys representing PETA in this action are highly skilled and have excellent reputations in their respective communities.

h.    **Whether the fee of the attorney is fixed or contingent strongly favors PETA's requested fees.**  Lane Powell accepted this matter under a fixed fee agreement. (Hosenpud Decl., ¶¶ 4-5.)  This factor is critical here because PETA has already incurred out of pocket expenses of nearly $40,000 defending itself from plaintiffs' meritless claims.

## III.  <u>CONCLUSION</u>

This Court should find the time expended in this matter, 21.3 hours by David Hosenpud, 119.3 hours by Eric Wilson, and 11.9 hours by Phil Hirschkop was reasonable.  This Court should also find that the requested hourly rates of $355.50 for David Hosenpud, $229.50 for Eric Wilson, and $350 for Phil Hirschkop were reasonable.  Accordingly, this Court should grant PETA's requested fee award and award PETA the $39,116 incurred in its defense in this matter.

DATED:  August 10, 2007

LANE POWELL PC

By s/Eric D. Wilson
David G. Hosenpud, OSB No. 83241
Eric D. Wilson, OSB No. 04455
Telephone:  503.778.2100
Attorneys for Defendant PETA, Inc.

PAGE 10 -  DEFENDANT PETA'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200