IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREGG SCHUMACHER and LINDA SCHUMACHER, individually and as husband and wife, and GREGG SCHUMACHER FURS LLC dba SCHUMACHER FURS & OUTERWEAR, | CV-07-601-MO<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| CITY OF PORTLAND, a municipal corporation; IN DEFENSE OF ANIMALS, a foreign nonprofit corporation; ANIMAL LIBERATION FRONT, an unincorporated association; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a foreign nonprofit corporation; MATT ROSSELL; KEVIN MIERAS aka "Bluejay"; CONNIE DURKEE; ALEX LILLI; JOHN DOES 1-10; and JANE DOES 1-10, | |
| Defendants. | |

HERBERT G. GREY
JILL ODELL
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716

-and-

1 - OPINION AND ORDER

**JONATHAN A. CLARK**
960 Liberty Street SE, Suite 250
Salem, OR  97302

      Attorneys for Plaintiffs

**MARK G. MCDOUGAL**
**NATHALIE MCDOUGAL**
**GREGORY KAFOURY**
Kafoury & McDougal, Lawyers
320 SW Stark Street #202
Portland, OR  97204

      Attorneys for Defendants IDA, Rossell and Durkee

**DAVID G. HOSENPUD**
**ERIC D. WILSON**
Lane Powell, P.C.
601 SW Second Avenue, Suite 2100
Portland, OR  97204-3158

      Attorneys for Defendant PETA

**MOSMAN, J.,**

     This matter comes before the Court on Plaintiffs' Motion For Reconsideration (#90) of this Court's July 6, 2007 Judgment of Dismissal (#68) as to In Defense of Animals (IDA), People for the Ethical Treatment of Animals (PETA), and individuals Matt Rossell and Connie Durkee, pursuant to these Defendants' Special Motion to Strike the Complaint (#16).

## BACKGROUND

    Plaintiffs' Motion For Reconsideration was filed with this Court August 13, 2007.  Thereafter, on September 20, 2007 this Court entered a Judgment of Dismissal as to Defendant Kevin Mieras (#103) pursuant to the Special Motion to Strike, in which

2  -  OPINION AND ORDER

Kevin Mieras joined. Plaintiffs have not moved for reconsideration of the judgment dismissing Kevin Mieras.

According to Plaintiffs, their Motion should be granted under Federal Rule of Civil Procedure (Rule) 60(b)(6), to prevent manifest injustice and clear error of law[1]. Plaintiffs challenge the constitutionality of Oregon's anti-SLAPP statute as well as this Court's application of the statute when granting Defendants' Special Motion to Strike.

Defendants PETA, IDA, Rossell and Durkee contend that Plaintiffs are not entitled to consideration of these arguments, much less relief from judgment under Rule 60(b)(6), because Plaintiffs have not met the threshold showing that "extraordinary circumstances prevented [them] from taking timely action to prevent or correct an erroneous judgment." They argue Plaintiffs' failure to avail themselves of legal arguments during the pendency of the Motion to Strike, such as that discovery was needed, does not constitute an extraordinary circumstance beyond

---

[1] Plaintiffs incorrectly state that this court applied Rule 60(b)(6) to grant Kevin Mieras' Motion for Reconsideration of Preliminary Injunction. (#45). In fact, this Court did not grant Kevin Mieras' Motion For Reconsideration. Rather, the court relieved Mr. Mieras from the preliminary injunction (#42) at the hearing on June 18, 2007, after Mr. Mieras testified that he had never been to Greg Schumacher's residence, was not a member of the Animal Liberation Front (ALF), had never issued a verbal or written threat against any of the Plaintiffs. Faced with Mr. Mieras' uncontradicted live testimony, which was not before the Court on May 22, 2007 when the preliminary injunction issued, the Court concluded that ongoing restraint of Mr. Mieras' liberties was not justified.

Plaintiffs' control. These Defendants also argue that, even if there were merit to Plaintiffs' new arguments, a motion for reconsideration under Rule 60(b)(6) is not the proper procedure for advancing them.

## STANDARDS

Rule 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment. It states, in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud...misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Rule 60(b)(6) "catchall provision" upon which Plaintiffs rely, grants federal courts broad authority to relieve a party from a final judgment provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in (b)(1) through (5).

"Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking

timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)). A party seeking to re-open a case under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir. 2002). Moreover, Rule 60(b) is available only to set aside a prior judgment or order. It may not be used to grant relief above and beyond the relief contained in the prior order or judgment. *Delay v. Gordon*, 475 F.3d 1039, 1044-45, (9th Cir. 2007)(citing Moore's Federal Practice § 60.25 (Matthew Bender 3d 2004)).

## DISCUSSION

Plaintiffs have not met their burden under Rule 60(b)(6) of showing they are entitled to relief from this Court's judgment granting Defendants' Special Motion to Strike. They have not pointed to a single "extraordinary circumstance" that prevented them from taking timely action to avoid entry of the allegedly erroneous judgment. During the pendency of the Special Motion to Strike Plaintiffs did not raise any of the legal arguments upon which they contend they are entitled to relief from judgment, with the exception of the argument that the Court held them to an unconstitutional burden of proof and thereby reached the wrong

result.  The remedy for this Court's rejection of that argument lay with an appeal, which Plaintiffs did not file for reasons unknown to the Court.

The affirmative relief prayed for by Plaintiffs on the basis of newly hatched legal arguments is expressly prohibited under a Rule 60(b)(6) motion.  *Delay,* 475 F.3d at 1044-45.  For example, Plaintiffs ask this Court to find that "ORS 31.150 violated plaintiff's constitutional right to have factual disputes resolved by a jury," because Plaintiffs contend that ORS 31.150(4) "requires the trial court to 'consider the pleadings and supporting and opposing affidavits' and [to] weigh the competing evidence in determining whether plaintiff has shown a probability of prevailing."  Since Plaintiffs did not raise this issue during the pendency of the special motion to strike, there is not any judgment resting on this argument for the Court to set aside, even if extraordinary circumstances permitted consideration of the merits.

Similarly, Plaintiffs argue that the "specific" discovery provided for under ORS 31.152(2) "is not adequate and does not prevent plaintiffs from being denied their due process right to full discovery."  However, as PETA and IDA point out, Plaintiffs did not avail themselves of their right to request discovery.  Plaintiffs did assert that the Court was holding them to a

summary judgment standard by finding that their complaint insufficiently alleged when, where, or how PETA, IDA, Rossell and Durkee harmed them. The Court acknowledged Plaintiffs' unenviable position of not knowing exactly who committed the illegal acts documented in Plaintiffs' photographic and videographic evidence. However, the Court found that the allegations in the complaint against these named Defendants pointed only to their exercise of First Amendment liberties as the basis upon which Plaintiffs' requested relief should be granted. Accordingly, the Court found that the burden shifted to Plaintiffs to prove a probability of prevailing on these claims. As Defendants correctly point out, to meet their burden under ORS 31.150(3) Plaintiffs could have requested "specific" discovery pursuant to ORS 31.152(2), but they did not. Since the Court did not rule on any discovery requests there is not any judgment on this arugment that could be set aside pursuant to a motion to reconsider. Moreover, Plaintiffs' explanation that "specific" discovery would not have sufficed is far from an "extraordinary" circumstance beyond Plaintiffs' control resulting in "manifest injustice."

Although, as mentioned, a motion for reconsideration is not the correct avenue to address Plaintiffs' conviction, shared by fifty-percent of litigants, that this Court's ruling was wrong, a

few points of clarification are in order.  Plaintiffs contend that ORS 31.150(4) unconstitutionally denied them their right to a jury trial because it "requires the trial court to 'consider the pleadings and supporting and opposing affidavits' and [to] weigh the competing evidence in determining whether plaintiff has shown a probability of prevailing."  Plaintiffs also argue that this provision conflicts with the mandate in ORS 31.150(1) that motions to strike are to be treated as motions to dismiss under Oregon law, and as such, the court must assume the truth of plaintiffs allegations and view all facts in the light most favorable to plaintiffs.  *L.H. Morris Electric v. Hyundai Semiconductor*, 187 Or. App. 32, 35, 66 P. 3d 509 (2003).

Though not altogether clear from the transcript of the July 18, 2007 hearing, in which the Court also considered arguments pursuant to Kevin Mieras' motion for reconsideration of the preliminary injunction, the Court did not weigh the evidence.  ORS 31.150(4) does not contain the word "weigh."  It directs the court to "consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based" in "making the determination under ORS 31.150(1)."  The "determination" referred to under ORS 31.150(1) is twofold.  First, the court must decide if plaintiffs claim is one of the four types of claims described under ORS 31.150(2)(a)-(d), that

"arise out of...[a]ny oral statement made, or written statement or other document submitted/presented":

> (a) in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (b) in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> (c) in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

If the court finds that the claim does arise out of conduct falling under one or more of these categories, the burden shifts to the plaintiff to show a "probability of prevailing" on the claims, under ORS 31.150(3), by presenting "substantial evidence to support a *prima facie* case" against the defendant.

Thus, pursuant to ORS 31.150(4), the Court considered all the facts alleged by all the parties in this case, and then, pursuant to ORS 31.150(1), viewed those facts in the light most favorable to Plaintiffs. The Court found that even assuming the truth of Plaintiffs' allegations against PETA, IDA, Rossell and Durkee, and viewing the additional facts presented by PETA, IDA, Rossell and Durkee in the light most favorable to the Plaintiffs, Plaintiffs' claims against these Defendants arose out of ORS 31.150(2)(c) and (d).

## CONCLUSION

Plaintiffs' Motion for Reconsideration (#90) of this Court'sJudgment of Dismissal as to PETA, IDA, Rossell and Durkee (#68) is DENIED.

IT IS SO ORDERED.

DATED this  10th  day of October, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge